*Law Office of*
***Francisco E. Celedonio, Esq.***
*401 Broadway, 25th Flr.*
*New York, New York 10013*

**MEMO ENDORSED**

*(212) 219-7533*                                                                 *Fax (212) 219-4094*

September 12, 2007

**REGULAR MAIL**
Honorable Kenneth Karas
United States District Judge
United States District Court
500 Pearl Street
New York, New York 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

Re: *United States v. Cesar Rivera,*
06 Cr. 734 (KAK)

Dear Judge Karas:

  The Court may recall that I represent Mr. Cesar Rivera, the above-named defendant, awaiting sentencing before Your Honor.

  I am addressing the Court at this time because during the course of my representation of Mr. Rivera (between January 31, 2007 and February 12, 2007) Mr. Mel Mays, a former NYPD crime scene detective who is currently a private investigator, assisted me in investigating various background facts relevant to the charges against Mr. Cesar Rivera before this Court, as well as charges pending against him in New York State Supreme Court. Specifically, Mr. Mays canvassed and interviewed various witnesses to several events occurring prior to Mr. Rivera's arrest in the State system. I am informed that Mr. Mays expended approximately 15.5 hours of time during the course of his investigation; at an hourly rate of $80 per hour, totaling $1,304.51. Indeed, on several occasions I personally met with Mr. Mays and Mr. Rivera's State counsel during the course of the investigation.

  The above-described investigation was relevant to the charges pending before this Court and, because of the timing of the investigation (during a process when the parties were actively negotiating a possible disposition of the pending federal charges against Mr. Rivera), Mr. Mays's investigation was not only crucially important, but also of an exigent nature (AUSA Jessica

1

Roth was contemporaneously investigating similar issues). Thus, it was impracticable to obtain the Court's prior approval for the use of CJA funds for the services provided by Mr. Mays.

       This letter seeks the Court's permission, *nun pro tunc*, for Mr. Mays to be compensated for the services described herein. Enclosed herewith is a proposed order for the Court's signature.

       I appreciate the Court's consideration of the request embodied herein.

*Respectfully Submitted,*

Francisco E. Celedonio, Esq.

> The Court requires an affidavit from counsel and Mr. Mays before it will authorize compensation to Mr. Mays. No prior request to authorize Mr. Mays' work was provided and the Court does not accept the claim that it was impractical to make such a request.
>
> SO ORDERED
> KENNETH M. KARAS, U.S.D.J.
> 9/14/07

2

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
UNITED STATES OF AMERICA,            :


                      v.             :         06 Cr. 734 (KMK)
                                                   ORDER
CESAR RIVERA,                        :


                                     :
              Defendant.
-------------------------------------------------X
```

Kenneth M. Karas, U.S.D.J.

      UPON application of Francisco E. Celedonio, CJA counsel to Mr. Cesar Rivera; and,

      WHEREAS, the Court has determined that the services of the private investigator, Mr. Mel Mays, were an appropriate expenditure under the CJA on behalf of the representation of the defendant, Mr. Cesar Rivera;

      IT IS HEREBY ORDERED, *nun pro tunc*, that Mr. Mel Mays, is to be compensated for services rendered in the representation of Mr. Cesar Rivera, said services totaling $ 1,304.51, as detailed in the letter of counsel, dated September 12, 2007.

So Ordered

_____
Kenneth M. Karas, U.S.D.J.