

**U.S. Department of Justice**

United States Attorney
Southern District of New York

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

October 30, 2007

**BY FEDERAL EXPRESS**

Honorable Kenneth M. Karas
United States District Judge
Southern District of New York
300 Quarropas Street, Room 421
White Plains, New York 10601

>  Re:   United States v. Cesar Rivera,
>        06 Cr. 734 (KMK)

Dear Judge Karas:

  The Government respectfully writes in response to the letter submitted by defense counsel in advance of sentencing in this matter, scheduled for November 5, 2007. The Government submits that the Court should impose a sentence within the Guidelines range of 85 to 91 months' imprisonment, and that an 84-month portion of the sentence must be imposed to run consecutively to any other sentence that the defendant serves. In addition, the Court should not "credit" the defendant with any time served while he was in the primary custody of the state for any portion of his federal sentence.

## Background

  On March 19, 2007, Cesar Rivera pled guilty to a two-count indictment charging him with (i) conspiring to distribute and possess with intent to distribute marijuana in violation of Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(D), and 846; and (ii) using, carrying, possessing, and brandishing a firearm during and in relation to, and in furtherance of, a drug trafficking crime (the marijuana conspiracy) in violation of Title 18, United States Code, Section 924(c)(1)(A)(ii). Rivera pled guilty pursuant to a plea agreement with the Government (the "Plea Agreement"), in which he stipulated that the appropriate sentencing range under the United States Sentencing Guidelines (the "Guidelines") is 85 to 91 months' imprisonment, and that the firearm charge carries a mandatory minimum term of 84 months' (or seven years)

Hon. Kenneth M. Karas
Page 2

imprisonment which must run consecutively to "any other term of imprisonment." (Plea Agreement at 1.)[1]

The charges stem from Rivera's possession of a loaded .25 caliber semi-automatic pistol in connection with his marijuana trafficking activity and the underlying marijuana trafficking. (PSR ¶¶ 8-12). Specifically, on or about September 23, 2005, Rivera used a gun to carry out a robbery of a marijuana supplier, and he obtained approximately half a pound of marijuana during that robbery from the supplier's worker. (PSR ¶ 12). Rivera then gave the marijuana to two of his workers, who sold marijuana for Rivera. Rivera was arrested later that day, in possession of the loaded gun, with his two workers who were in possession of marijuana, packaged for sale. (PSR ¶¶ 9-10 ). Another associate of Rivera's escaped with the remaining quantity of marijuana and another gun. (PSR ¶ 12).

**Discussion**

The Government submits that a sentence within the Guidelines range of 85 to 91 months' imprisonment is appropriate in this case; that, in any event, that a sentence of 84 months' imprisonment, to run consecutively with any other sentence imposed on the defendant, is required by statute; and that no portion of the time that the defendant spent in the primary custody of the state should be "credited" towards his federal sentence.

First, a sentence of 85 to 91 months' imprisonment is "not greater than necessary" to accomplish the sentencing goals set forth in Title 18, United States Code, Section 3553(a). The defendant's crimes are serious ones. Rivera not only participated in drug trafficking activity, but he possessed and carried a loaded gun in connection with his drug dealing. Indeed, Rivera used a loaded gun to rob another drug dealer at gunpoint. The Government submits that a substantial sentence is appropriate to reflect the "nature and circumstances of the offense," 18 U.S.C. § 3553(a)(1), which is a dangerous and violent one. Similarly, a substantial sentence is necessary to "protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2), and to provide deterrence, 18 U.S.C. § 3553(a)(2)(B). Finally, a sentence within the Guidelines range is appropriate because it will serve to avoid unwarranted sentence disparities, between this defendant and other defendants with similar records who have committed similar crimes. 18 U.S.C. § 3553(a)(6).

Second, in any event, a sentence of 84 months' imprisonment is required by statute, and it must be imposed to run consecutively to any other sentence imposed on the defendant. Rivera's contention that the sentence on the firearm crime, a violation of Title 18, United States Code, Section 924(c), can be imposed concurrently with his awaited sentence in Bronx Supreme Court is wrong. The statute, on its face, requires a consecutive sentence: it

---

[1] The parties' Plea Agreement was marked as Court Exhibit 2 during the defendant's guilty plea proceeding, and a copy is enclosed herein for the Court's convenience.

Hon. Kenneth M. Karas
Page 3

provides that "no term of imprisonment imposed on a person under this subsection shall run concurrently with *any other term of imprisonment* imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crimes during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii) (emphasis added). This includes any sentence to be imposed by the state. Indeed, the Supreme Court has interpreted this provision to find that "the plain language of 18 U.S.C. § 924(c) forbids a federal district court to direct that a term of imprisonment under that statute run concurrently with any other term of imprisonment, whether state or federal." *United States* v. *Gonzales*, 520 U.S. 1, 12 (1997) (rejecting the argument that § 924(c) sentence was only required to run consecutively to other federal sentences). In *Gonzales*, the defendant was facing a federal sentence for a violation of § 924(c) and state sentences for the same underlying conduct. The *Gonzales* court found that the statute, by its broad language – "any other sentence" – requires that a sentence pursuant to § 924(c) "must run consecutively to all other prison terms." *Id*. at 9-10.

Third, no portion of the time that Rivera served in the primary custody of the state should be "credited" towards his federal sentence. Rivera was arrested by the New York City Police Department on September 23, 2005 and charged by the state authorities. In July 2006, these charges were brought, and Rivera appeared in federal court to face these charges through a *writ of habeas corpus ad prosequendum*. The starting point for the analysis concerning the calculation of the defendant's sentence, and the issue of whether Rivera can receive "credit" for time spent in federal custody, is the issue of "primary jurisdiction." Where a defendant is facing charges brought by two sovereigns, the sovereign that first arrested the offender has primary jurisdiction over the offender unless that sovereign relinquishes primary jurisdiction to another sovereign. Such a release may occur through a release on bail, dismissal of charges, or expiration of the sentence. In this case, Rivera had been arrested by the state authorities and remanded to the state custody, prior to his appearance in this case. Thus, New York state has primary jurisdiction over Rivera.

Although Rivera appeared in federal court beginning in July 2006, through a *writ of habeas corpus ad prosequendum*, it is well-settled that a defendant is not "in custody" of the Attorney General for purposes of Title 18, United States Code, Section 3585, and therefore the federal sentence does not begin to run, where a defendant in state custody is produced in federal court pursuant to a *writ of habeas corpus ad prosequendum*. See United States v. Fermin, 252 F.3d 102, 108 n.10 (2d Cir. 2001); Salley v. United States, 786 F.2d 546, 548 (2d Cir. 1986); Roche v. Sizer, 675 F.2d 507, 509-10 (2d Cir. 1982). Instead, the state retains primary jurisdiction over the defendant, who is deemed to be on loan from the state. See Rosario v. United States, No. 02 Civ. 3360(HB), 2004 WL 439386, *5 (S.D.N.Y. March 9, 2004); Pena v. United States, No. 01 Civ. 11395 (WHP), 2003 WL 22387127, *3 (Oct. 20, 2003)(defendant "not entitled to seven months credit on his federal sentence -- the time between his writ to federal custody . . . and his sentencing . . . because he was taken into federal custody on a writ of habeas corpus ad prosequendum"); *Miller* v. *United States*, 826 F. Supp. 636 (N.D.N.Y. 1993). Thus, the time that Rivera spent in custody, since his state arrest and while his state charges were pending, is being credited towards his state sentence, including the time that Rivera has spent in federal custody since July 2006. Accordingly, the Court should not "credit" Rivera towards his

Hon. Kenneth M. Karas
Page 4

federal sentence with time he has spent in the primary custody of the state. While the Court may consider the time already spent in custody in formulating a federal sentence for Rivera, in any event, Rivera's minimum sentence, by statute, is 84 months' imprisonment.

The Government respectfully requests that the Court sentence Rivera within the Guidelines range (85 to 91 months' imprisonment) correctly calculated and stipulated by the parties in their Plea Agreement, that 84 months' imprisonment be imposed to run consecutively to any other sentence imposed on Rivera, including the awaited sentence in Bronx Supreme Court, and that the Court not credit any portion of the time Rivera spent in state custody towards his sentence.

Thank you for your consideration of these matters.

Respectfully submitted,

MICHAEL J. GARCIA
United States Attorney
Southern District of New York

By: _____/s/_____
Jessica A. Masella
Assistant United States Attorney
(212) 637-2288

cc:   Francisco Celadonio, Esq.
       (By facsimile at 212.219.4094 w/o enclosure)